GARY ELLISTON, A Minor, by His Mother and Next Friend, MAXINE ELLISTON, Plaintiff-Appellee, *v.* ALICE HUNSINGER, Defendant-Appellant.

(No. 71-236;

Fifth District—December 18, 1972.

Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff brought an action for personal injuries arising out of an automobile accident. The defendant filed an answer and a counterclaim. A jury trial was held in the Circuit Court of Madison County and resulted in a $7500 verdict for the plaintiff and a verdict against the defendant on her counterclaim. The defendant has appealed.

Plaintiff, Gary Elliston, was traveling south on Route 111, a four-lane divided highway, toward Collinsville on a rainy evening in May of 1968. He had been driving in the right hand lane but pulled out into the left hand lane to pass another car. Defendant, Alice Hunsinger, also wanted to travel south on Route 111. First, however, she had to go north on Route 111 to a median crossover in order to have access to the southbound lanes of Route 111.

Defendant pulled onto the median crossover and after stopping pursuant to a yield sign, she turned into the left and southbound lane and shortly thereafter plaintiff's car struck her from the rear. As a result of the collision, plaintiff sustained injuries to his nose, face and head and has undergone two operations on his nose.

■■ Defendant's first allegation on appeal is that the court committed prejudicial error by allowing the plaintiff to improperly introduce evidence in the guise of impeaching his own witness. The point involved is whether the defendant was traveling at 15-20 m.p.h. as first stated by the witness or at 10-15 m.p.h. as later stated by the witness. The defendant upon cross-examination of the witness asked if these speeds were just estimates and the witness said that they were.

The defendant has not shown nor does the record indicate that she was harmed to a degree which would require a reversal and a new trial on this issue. *Whitman v. Prescott*, 80 Ill.App.2d 49, 225 N.E.2d 384.

■■ Next the defendant contends that the court erroneously refused one of her instructions. The instruction was based on Ill. Rev. Stat. 1969, ch. 95½, par. 11—601, regarding the duty of a driver to reduce his speed upon approaching an intersection. The judge refused the instruction because the median crossover did not constitute an "intersection" as defined by Ill. Rev. Stat. 1969, ch.. 95½, par. 1—132. The judge correctly refused the offered instruction for that reason. This result is not changed by the fact that the plaintiff had offered an instruction which used the word "intersection" and which was given without objection.

■■ Defendant maintains further that the court erred by allowing plaintiff to admit evidence of the dismissal of a criminal charge. It appears

1070

that the plaintiff had stated that he had been given a traffic ticket. The judge allowed the plaintiff to state that the charge had been dismissed. It would have been better if this had not occurred, however, since the ticket was issued to the plaintiff, it was not that harmful to the defendant's case.

■■■ Finally the defendant argues that there was not ample evidence to support the giving of plaintiff's instruction 9A (IPI 20.02), which is an instruction covering the negligence of the defendant. An instruction which is not based on the evidence in the case is improper, and should not be given, as it is liable to mislead the jury. (*Rosenkrans v. Barker,* 115 Ill. 331.) After reviewing the record we feel that there was ample evidence to support the instruction. Also, there is no indication that the defendant objected to the instruction when it was tendered.

■■ The ultimate question here is not whether the trial was scrupulously free from error, but whether any error occurred which operated to the prejudice of the defendant or unduly affected the outcome below. Considering the evidence which supports the jury's verdict, as well as the law applicable to the alleged trial errors raised here, it is our conclusion that there was no error which would justify a reversal in this case. *Wilson v. Union Wire Rope Corp.,* 31 Ill.2d 69, 199 N.E.2d 769.

The jury found that the defendant proximately caused the injuries to the plaintiff. Finding no reversible error, we affirm.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.